7378

### HIGH v. WINGO.

Transfer of Case to Circuit Court from Magistrate Court—Notice—Cause of Action.—Where in a suit in magistrate court for wilfully cutting and removing timber from lands, defendant sets up title in himself and tenders the proper undertaking, and the magistrate under sections 79 and 80 of Code of Proc., indorses on summons, "This action is discontinued," the action brought in the Circuit Court must be on the same cause of action as in the magistrate court. Notice of plaintiff, that case is withdrawn and discontinued, served on defendant after order of magistrate is not binding on defendant.

Before Hydrick, J., Spartanburg, Summer term, 1908. Reversed.

Action by J. A. C. High against J. C. Wingo. From judgment for plaintiff, defendant appeals.

*Messrs. Wilson and Osborne,* for appellant, cite: *Case can only be discontinued by order of Court:* 1 Ency., P. & P., 756; 6 Ency., P. &. P., 868; 14 Cyc., 39; 37 S. C., 269.

*Messrs. Simpson & Bomar,* contra. *Motion to make case conform to magistrate case, too late:* Code, sec. 181; Rule XX, Circuit Court; 53 S. C., 582; 68 S. C., 297.

November 23, 1909. The opinion of the Court was delivered by

Judge John S. Wilson *acting Associate Justice in place of* Mr. Justice Hydrick, *disqualified.*

The plaintiff brought suit in the magistrate's court against the defendant for $99.90, damages for unlawfully and wilfully cutting down and removing timber from about two acres of land, alleging that the same belonged to the plaintiff. It was further alleged in the complaint that the timber so cut was appropriated to the defendant's own use.

The defendant appeared and by way of answer set up the issue of title to the real property described in the complaint; at the same time filing with the magistrate a written undertaking, as provided for in section 80, of the Code of Civil Procedure.

After considering the matter for some time, the magistrate made the following indorsement upon the summons: "The defendant having made and delivered his answer, and filed the undertaking provided in sections 79 and 80 of the Code, this action is discontinued."

On the same day the magistrate announced his decision, plaintiff's attorneys served notice upon the magistrate and upon defendant's attorneys that the action was withdrawn and discontinued in the magistrate's court.

Thereupon a suit was commenced in the Circuit Court, in which damages were asked in the sum of $678.00; being $128.00 for the value of 64 cords of wood cut and removed; $500.00 for general damages, actual and punitive, and $50.00 as special damages.

Before the trial in the Circuit Court, defendant made a motion to require plaintiff's action to conform to the suit begun in the magistrate's court. This motion was refused and the case proceeded to trial and a verdict was rendered in favor of the plaintiff for $250.00. The defendant appeals to this Court upon several exceptions set out in the "case." The principal error alleged, being that the Circuit Judge erred in not granting defendant's motion that the complaint be made to conform to the suit in the magistrate's court by stating the same cause of action, and by striking out of said complaint so much thereof as stated a different cause

of action. The principal difference in the two suits being in the amount of general damages alleged, and the further claim of special damages in the second action.

The motion of defendant should have been granted, as to the claim for special damages. Section 84 of the Code provides: "When a suit before a magistrate shall be discontinued by the delivery of an answer and undertaking, as provided in sections 79, 80 and 81; the plaintiff may prosecute an action for the same cause in the Circuit Court, and shall complain for the same cause of action only on which he relied before the magistrate, and the answer of the defendant shall set up the same defense only which he made before the magistrate."

The defendant, by his answer in the magistrate's court, brought into question title to real property, which took the cause of action beyond the jurisdiction of the magistrate. He then filed the undertaking as prescribed by law and carried out all of the conditions required of him and the case should have been renewed in the Circuit Court in accordance with the provisions of the sections above referred to. This clearly was not done.

But it is argued by plaintiff's attorneys that the action in the magistrate's court had been abandoned and discontinued, referring to the notice to that effect served upon the magistrate and defendant's attorneys. This, in the absence of an order of the magistrate granting a general discontinuance, was nothing more than a notice served by the plaintiff, and could have no legal effect upon the defendant, and he was not bound by it. *Dunham v. Carson,* 37 S. C., 269, 15 S. E., 290.

This practically disposes of appellant's exceptions; and inasmuch as the case must be remanded for new trial it is needless to go into the other questions raised.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the case remanded for a new trial upon the cause of action for general damages.