### 10143

### THOMAS v. SHEA.

#### (98 S. E. 145.)

JUSTICES OF THE PEACE—TITLE TO REAL PROPERTY—EFFECT OF DISMISSAL—DISCONTINUANCE.—Magistrate, in whose Court plaintiff sued for trespass by cutting timber, after dismissing complaint, on motion of defendant's attorneys, on answer of title to real property, pursuant to Code Civ. Proc. 1912, secs. 87-89, had discretion to grant order allowing plaintiff to discontinue.

Before SEASE, J., Spartanburg, Summer term, 1918. Reversed.

Action by E. C. Thomas against J. E. Shea. From an order discontinuing the cause, defendant appealed to the Circuit Court, which set aside the order, and plaintiff appeals.

*Messrs. John Gary Evans* and *R. B. Paslay,* for appellant, cite: *As to right of discontinuance:* Code of Civil Procedure, sections 88, 89, 90; 6 Ency. P. & P. 833, 836; 2 Brev. 32; 1 Speer 329; 82 S. C. 15; 80 S. C. 455; 84 S. C. 246.

*Messrs. Carson, Boyd & Tinsley,* for respondent.

January 29, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The agreed statement of facts shows:

"This action was commenced July 21, 1917, in the Court of Magistrate Jennings, for the recovery of $50, actual and punitive damages. On August 21st the case was by Magistrate Jennings transferred to Magistrate E. E. Corry on defendant's motion, made on the grounds that the defendant did not believe he could get a fair and impartial trial before Magistrate Jennings. On the call of the case by Magistrate Corry on August 22, 1917, plaintiff referred to his summons for complaint as follows:

" 'Complaint having been made unto me by E. C. Thomas that you are indebted to him in the sum of $50, actual and punitive damages, for cutting down and hauling away several cords of wood from lands of plaintiff without his knowledge or consent and against his will, for wilfully knocking down certain stakes placed on said lands by plaintiff, and for otherwise maliciously trespassing on said lands, the same having been done in the years 1916 and 1917.

" 'These are, therefore, to require you, the said defendant, to appear before me, in my office, in Spartanburg, 117½ Magnolia street, on the twenty-first day after service hereof, at 10 o'clock a. m., to answer to the said complaint, or judgment will be given against you by default.'

"To which the defendant filed answer as follows:

" 'The defendant, answering:

" '(1) Denies each and every allegation of the complaint.

" '(2) Alleges that all the matters and things alleged to have been done by the defendant relate to a strip of land lying along the line between the plantation of the defendant and the plantation of the plaintiff, which has been in the actual possession of the defendant, and to which the plaintiff has recently made a claim of title, and made an effort to exclude the defendant therefrom; that the trees cut and alleged to have been hauled away by the defendant, and the stakes alleged to have been placed on said land by plaintiff,

and the occupancy of the defendant, alleged to have been trespassing, were all on the strip of land possessed and claimed by the defendant, and claimed by the plaintiff; that the determination of all matters referred to is dependent upon a determination of the issues of title to the real estate; that the title to real estate is involved in all the issues in this case, and this Court is without jurisdiction to try the same.'

"Along with this answer, the defendant filed a statutory bond, and the answer was countersigned by the magistrate and delivered to plaintiff's attorney. Upon hearing thereon, the magistrate passed the following order:

" 'It appearing to satisfaction of Court that the question of title to real property comes into question, and, on motion of defendant's attorneys, it is ordered that the complaint be dismissed in pursuance to sections 87, 88 and 89, Code of Civil Procedure. E. E. Corry, Magistrate. (Seal.)'

"On September 6th, plaintiff served the following notice:

" 'Please take notice plaintiff will move before his Honor, E. E. Corry, magistrate, at his office at Spartanburg, South Carolina, on Monday, September 10, 1917, at 10 o'clock in the forenoon, or as soon thereafter as counsel can be heard, for an order discontinuing said case upon the payment of costs.

" 'You are respectfully invited to be present.'

"On hearing this motion, the same being argued for plaintiff and in opposition for the defendant, on September 10, 1917, Magistrate Corry passed the following order:

" 'This action was commenced in the magistrate's Court by plaintiff against the defendant. The plaintiff having paid the cost of said action, and having served due and legal notice on the defendant's attorneys of his intention to discontinue said action:

" 'Now, on motion of plaintiff's attorneys, it is ordered that the said action be, and the same is hereby, dismissed

and discontinued, without prejudice to the rights of the plaintiff herein.'

"From this order the defendant served notice of appeal to the Circuit Court, as follows:

" 'You are hereby notified of our intention to appeal on behalf of the defendant from the rulings and order of Magistrate E. E. Corry, September 10, 1917, whereby he ordered this case discontinued, upon the following ground:

" 'That the magistrate erred in holding that he had jurisdiction to order a final discontinuance of the case; whereas, it is respectfully submitted that his previous order, discontinuing this case in the magistrate's Court, had, by virtue of the statute, transferred this case to this Court, and the magistrate was without jurisdiction to enter final dismissory, upon the ground of which we will move this Court to set aside the said order appealed from.'

"On hearing this appeal, the Circuit Court sustained the same with the following order:

" 'This is an appeal from an order of magistrate's Court discontinuing the cause, the appeal being filed by the defendant on exceptions. It appears to the Court that the previous order of the magistrate (dated August 22, 1917) was formal and in compliance with the statute, the exceptions are, therefore, sustained and the order appealed from set aside.'

"Due notice of plaintiff's intention to appeal from the order of the Circuit Court was served, and plaintiff does now appeal and move the Supreme Court to set aside and reverse the same upon the following exceptions."

There are three exceptions, but only one question, to wit: Did the magistrate have the right to allow the plaintiff to discontinue his action? The case of *High v. Wingo*, 84 S. C. 246, 66 S. E. 185, is cited to sustain the order of the Circuit Court. *High v. Wingo* does not sustain the order appealed from. In that case there was no order by the

magistrate allowing a discontinuance. In this case there was an order, and it was within the discretion of the magistrate to grant it.

The order appealed from is reversed.

Messrs. Justices Hydrick, Watts and Gage concur.

Mr. Chief Justice Gary did not sit.